# COURT OF APPEALS
# DECISION
# DATED AND FILED

## September 25, 2019

**Sheila T. Reiff**
**Clerk of Court of Appeals**

## NOTICE

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* **WIS. STAT. § 808.10 and RULE 809.62.**

**Appeal No.    2019AP817**

**STATE OF WISCONSIN**

Cir. Ct. No.  2018SC1692

**IN COURT OF APPEALS**
**DISTRICT II**

---

**WILLIAM TADISCH,**

   **PLAINTIFF-APPELLANT,**

 **V.**

**STEIMLE BIRSCHBACH,**

   **DEFENDANT-RESPONDENT.**

---

APPEAL from an order of the circuit court for Manitowoc County: ROBERT DEWANE, Judge. *Affirmed*.

¶1      GUNDRUM, J.[1]   William Tadisch appeals pro se from an order of the circuit court dismissing his small claims case with prejudice and awarding

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Steimle Birschbach $1950 in attorney fees associated with defending against this action.  For the following reasons, we affirm.

¶2      The best we can tell from Tadisch's one-page brief-in-chief is that he is upset that Birschbach did not reimburse him for the cost of a survey of some property.  Reviewing Tadisch's complaint, we learn that he is seeking $400 for the following reason:  "Firm attorney told me I had to get a survey completed.  Firm attorney promised her client would honor the survey.  She did not keep her promise.  Survey was not accepted.  Looking for $400 I paid for a useless survey."  Birschbach's response brief tells us that Birschbach represented Tadisch's brother in some transactions related to family property, which transactions Tadisch was dissatisfied with.  Tadisch appears to complain that the circuit court viewed this case as attempting to relitigate the same matter as in a prior case he filed against Birschbach, which case was dismissed due to Tadisch's failure to prosecute.

¶3      Tadisch's appeal does not get out of the gate because he claims the circuit court erred in dismissing this case and in its reasoning for doing so but fails to provide us with a transcript of the proceedings before the court.  The court's order, from which Tadisch appeals, states that "having heard factual statements and argument from the parties and counsel," the court was dismissing the case with prejudice and ordering Tadisch to pay Birschbach's attorney fees "for the reasons set forth on the record."  Tadisch, however, has failed to include the transcript of the hearing during which the court apparently set forth its reasons.  As we have stated:

> It is the appellant's responsibility to ensure completion of the appellate record and "when an appellate record is incomplete in connection with an issue raised by the appellant, we must assume that the missing material supports the trial court's ruling."  Furthermore, on appeal "it is the burden of the appellant to demonstrate that the

> [circuit] court erred." Here, the [appellants] cannot meet this burden because the circuit court's February 3 order does not include the court's reasoning for denying the postverdict motion but instead refers back to the reasoning it articulated on the record at the January 28 hearing. Simply put, the [appellants] are unable to demonstrate the circuit court erroneously exercised its discretion where the court's reasons for exercising its discretion as it did are not included in the record.

*Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381 (first alteration in original; citations omitted). As Birschbach notes: "It is impossible for this Court to even begin an evaluation of this appeal absent that transcript." While we recognize that some latitude may be afforded to pro se litigants such as Tadisch, pro se litigants are still required to abide by the same rules governing attorneys. *See Waushara Cty. v. Graf*, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992).

¶4 We further affirm because Tadisch has failed to cite to any legal authority or develop a legal argument in support of his appeal. *See Clean Wis., Inc. v. PSC*, 2005 WI 93, ¶180 n.40, 282 Wis. 2d 250, 700 N.W.2d 768 ("We will not address undeveloped arguments."); *W.H. Pugh Coal Co. v. State*, 157 Wis. 2d 620, 634, 460 N.W.2d 787 (Ct. App. 1990) (we do not consider arguments unsupported by legal authority); *see also Industrial Risk Insurers v. American Eng'g Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82 ("[W]e will not abandon our neutrality to develop arguments" for the parties.).

Tadisch has failed to carry his burden to demonstrate that the circuit court erred, and thus we affirm the court's order in all respects.[2]

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[2] In this appeal, Birschbach has moved "for a finding that this appeal is frivolous." Based on the record before us, we are not convinced that the showing has been made that the appeal is "frivolous" under the relevant statute, WIS. STAT. § 809.25(3). As a result, the motion is denied. We further observe that while Birschbach requests in her response brief that "the costs and attorney's fees incurred to defend against [this appeal] be awarded against" Tadisch, Birschbach has not identified what those costs and fees might be nor has she requested that we remand this matter to the circuit court for such a determination to be made.